IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE ZUPPO-WEBER, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-291 |
| v. | : | |
| NANCY ANN BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 13th day of December, 2017, after considering the complaint filed by the plaintiff, Denise Zuppo-Weber ("Zuppo") (Doc. No. 3), the answer to the complaint filed by the defendant, Nancy Ann Berryhill, Acting Commissioner of Social Security (Doc. No. 10), the administrative record (Doc. No. 9), Zuppo's brief and statement of issues in support of her request for review (Doc. No. 15), the defendant's response to the request for review (Doc. No. 16), Zuppo's reply brief (Doc. No. 17), and the report and recommendation filed by United States Magistrate Judge Richard A. Lloret on October 30, 2017 (Doc. No. 20); and Zuppo's objections to the report and recommendation (Doc. No. 21); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this case from civil suspense and return it to the court's active docket;

2. Zuppo's objections to the report and recommendation (Doc. No. 21) are **OVERRULED**;[1]

---

[1] The court conducts a de novo review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

3. The report and recommendation (Doc. No. 20) is **APPROVED** and **ADOPTED**;

4. Zuppo's request for review is **DENIED**;

---

objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

Zuppo raises three objections to Judge Lloret's report and recommendation. *See* Plaintiff's Objs. to the R. & R. of the Magistrate ("Objs."), Doc. No. 21. The court will consider each objection in turn.

For her first objection, Zuppo contends that substantial evidence does not support the ALJ's step three evaluation. *See id.* at 1-3. Zuppo does not raise any arguments here that have not already been appropriately addressed by Judge Lloret's report and recommendation, and the court adopts Judge Lloret's analysis of this issue.

For her second objection, Zuppo contends that substantial evidence does not support the ALJ's treatment of the opinion evidence. *See id.* at 3-4. In his decision, the ALJ gave minimal weight to the residual functional capacity questionnaires submitted by Dr. Campa and Dr. Loeffert (both of whom Zuppo contends were treating physicians). *See* R. & R. at 11-13. Judge Lloret explained that substantial evidence supported the ALJ's decision to give these opinions minimal weight. *See id.* Zuppo, however, takes issue with Judge Lloret's explanation. Specifically, she claims that Judge Lloret asserted "that the questionnaires completed by Drs. Campa and Loeffert do not elaborate of [sic] their treating relationship with Zuppo . . . ." Objs. at 3. According to Zuppo, "if the ALJ had concerns about their treating relationship and the basis of these opinions, the ALJ should have recontacted these doctors for a clarification." *Id.* Zuppo's objection is misguided.

Judge Lloret does not state that the ALJ had concerns about the basis of the opinions. *See* R. & R. at 11-13. For Dr. Campa, Judge Lloret merely notes that the space on the RFC questionnaire "labelled 'Frequency and length of contact'" was left blank. *Id.* at 11 (citation omitted). Judge Lloret then explained that

> the ALJ clearly and sufficiently explained his decision to afford Dr. Campa's opinion minimal weight. The ALJ identified the opinions of the state agency medical consultants, Dr. Campa's minimal findings, Zuppo's course of medical treatment, Zuppo's own statements regarding her activities of daily living, and Zuppo's conduct at her hearing to explain his decision to afford Dr. Campa's opinion minimal weight.

*Id.* at 12. The court has reviewed the record and agrees with Judge Lloret's assessment that substantial evidence supported the ALJ's decision to afford Dr. Campa's opinion minimal weight.

Similarly, for Dr. Loeffert, Judge Lloret noted that "Dr. Loeffert . . . declined to elaborate on his [] treatment relationship with Zuppo." *Id.* (alterations to original). Judge Lloret also noted that "Dr. Loeffert submitted no treatment records in support of his opinions." *Id.* But Judge Lloret thoroughly discussed the reasons why the ALJ's determination was not based merely on these two facts. Specifically, Judge Lloret went on to point out that "despite being 'offered only eight days apart, [Dr. Loeffert's two reports] contain[ed] inconsistencies.'" *Id.* (alterations in original) (citation omitted). Judge Lloret also noted that "Zuppo testified that she had been seeing Dr. Loeffert for 'like two, three months' at the time of her hearing." *Id.* Finally, Judge Lloret noted that

> Dr. Loeffert's opinions "were inconsistent with the minimal findings made upon physical and mental status examination of the claimant, the claimant's course of medical and mental health treatment, the opinions of the state agency consultants, the claimant's activities of daily living, and the claimant's appearance and demeanor at the hearing . . . ."

*Id.* at 13 (citation omitted). The court has reviewed the record and agrees with Judge Lloret's conclusion that the ALJ's decision to afford Dr. Campa's opinion minimal weight is supported by substantial evidence.

Within her second objection, Zuppo also contends that Judge Lloret wrongly concluded that "the ALJ correctly accorded minimal weight to the opinion of Dr. Coleman . . . ." Objs. at 4. She argues that "if the ALJ had any doubt regarding the basis of Dr. Coleman's opinion, he should have requested a clarification . . . ." *Id.* Zuppo's objections presume that the reason the ALJ afforded minimal weight to Dr. Coleman was that the ALJ doubted the basis of Dr. Coleman's opinion. But as Judge Lloret noted, the ALJ's primary reasons for affording Dr. Coleman's opinion minimal weight were the internal inconsistencies in his opinion and inconsistencies between his opinion and other evidence in the record. *See* R. & R. at 16-17; R. at 33, Doc. No. 9-2. Upon review of the record, the court finds that substantial evidence supported the ALJ's decision to afford Dr. Coleman's opinion minimal weight.

For her third objection, Zuppo contends that the ALJ improperly inserted his own lay opinion into the RFC analysis and, therefore, substantial evidence does not support his RFC determination. Zuppo does not raise any arguments here that have not already been addressed by Judge Lloret's report and recommendation, and the court adopts Judge Lloret's analysis of this issue.

2

5. The final decision of the Commissioner is **AFFIRMED**; and

6. The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.